UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILIANA SANCHEZ,<br><br>         Appellant,<br><br>v.<br><br>BIRD ROCK HOME MORTGAGE, LLC; STEPHAN NIEDNAGEL,<br><br>         Appellees. | Case No.: 24-cv-1187-DMS-MMP<br><br>**ORDER DENYING MOTIONS TO APPOINT COUNSEL FOR APPELLANT** |

  Before this Court are Appellant Liliana Sanchez's ("Appellant") Motions for Appointment of Counsel. Appellant's Motions relate to her two appeals: (1) an appeal from an order granting relief from the automatic stay in a Chapter 13 case; and (2) an appeal from an order dismissing the same Chapter 13 case. (ECF No. 3). The Bankruptcy Appellate Panel of the Ninth Circuit transferred Appellant's motions to this Court for the limited purpose of allowing this Court to decide whether counsel should be appointed with respect to Appellant's appeals. (*Id.*). For the reasons discussed below, this Court **DENIES** Appellant's Motions for Appointment of Counsel.

### I. LEGAL STANDARD

  Any court of the United States "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). "Appointment of counsel in civil matters in the Ninth Circuit is restricted to 'exceptional circumstances.'" *Burns v. County*

*of King*, 883 F.2d 819, 824 (9th Cir. 1989) (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984)).  "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate [her] claims *pro se* in light of the complexity of the legal issues involved.'" *Wilborn v. Escalderon*, 789 F.3d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  "Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.*

## II.  DISCUSSION

**A. Likelihood of Success.**

  1. <u>Appeal of order granting relief from an automatic stay (SC-24-1082).</u>

First, Appellant appeals the bankruptcy court's grant of relief of the automatic stay from her Chapter 13 bankruptcy filing.  (ECF No. 3 at 3).  A bankruptcy court may issue relief from an automatic stay if it "finds that the filing of the [bankruptcy] petition was part of a scheme to delay, hinder, or defraud creditors that involved . . . [a] transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval."  11 U.S.C. § 362(d)(4)(A).  Appellant appears to appeal the bankruptcy court's termination of the automatic stay on the basis that Appellee's request for relief from the automatic stay was "[w]rongful" and "[u]nlawful." (*Id.*).  In particular, Appellant alleges that Appellee acquired Appellant's home as a result of some "scheme[]" or fraud.  (*Id.*).

Appellant's argument is unlikely to carry the day.  Because Appellee Bird Rock Home Mortgage had an interest as a creditor in Appellant's home, Appellee was allowed to make its request since it is a "party in interest" that may request a bankruptcy court to grant relief from the stay under 11 U.S.C. 362(d).  *See In re Tower Park Properties, LLC*, 803 F.3d 450, 456–57 (9th Cir. 2015); 11 U.S.C. § 101(10), 1109.  Appellant alleges Appellee's interest was the result of fraud. However, Appellant does not go beyond mere allegations to substantiate her claims of fraud.  Nor does Appellant explain how the alleged fraud would extinguish Appellant's party-in-interest status.  Appellant otherwise does not

explain why Appellee Bird Rock Home Mortgage should not have been allowed to make this request or how the bankruptcy court incorrectly granted relief from the stay. Accordingly, the Court does not find that Appellant has demonstrated a sufficient likelihood of success to warrant appointment of counsel for Appellant's appeal of the order granting relief from the automatic stay.

   2.   Appeal of order dismissing her Chapter 13 Case (SC-24-1109).

Second, Appellant appeals the bankruptcy court's dismissal of her Chapter 13 case. A bankruptcy court may dismiss a case due to an "unreasonable delay by the debtor that is prejudicial to creditors." 11 U.S.C. § 1307(c)(1). The bankruptcy court ordered appellant to amend her plan for the adjustment of her debts to omit any reference to Wilmington Trust as creditor by June 28, 2024. (ECF No. 1 at 5). Appellant failed to submit an amended plan by this date that omitted any reference to Wilmington Trust as a creditor. (*Id.*). Because of Appellant's actions, Appellee filed a motion to dismiss due to prejudicial delay. (*Id.*). The bankruptcy court granted Appellee's motion on July 2, 2024. (*Id.*).

Appellant does not address why she did not follow the bankruptcy court's instruction to resubmit an amended plan that omitted the Wilmington Trust as a creditor by June 28, 2024. Instead, Appellant notes how her family has been "treated unfair[ly]" and how Appellees have caused her family "financial hardship and irreparable harm." (ECF No. 3 at 5). However, Appellant does not explain how these assertions would allow her to prevail in her appeal. Accordingly, the Court does not find that Appellant has demonstrated a sufficient likelihood of success to warrant appointment of counsel for her appeal of the bankruptcy court's dismissal of her Chapter 13 case.

**B. Ability to articulate claims *pro se* in light of the complexity of the issues involved.**

"[A]ny difficulty [Appellant] experienced in attempting to litigate [her] case [must be] derived from the complexity of the issues involved." *Wilborn*, 789 F.2d 1328 at 1331. "The facts [Appellant] alleges and the issues [she] raise[s] [should be] of substantial complexity." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

3

     While Appellant demonstrates some difficulty in articulating the basis of her two appeals (ECF No. 3 at 3, 5), this difficulty does not appear to be due to the complexity of the issues in her appeals.  With respect to her appeal of the bankruptcy court's order granting relief from an automatic stay, Appellant appears to argue that Appellee had no right to file for relief from that stay because the auctioning of the property at issue was the result of fraud. (*Id.* at 3).  As to her appeal of the bankruptcy court's order dismissing the case, Appellant appears to argue that the Bankruptcy Appellate Panel should take into consideration her alleged unfair treatment by the bankruptcy court and violation of her rights to a stay during her Chapter 13 bankruptcy filing. (*Id.* at 5).  Appellant's arguments appear to be "relatively straightforward" and she has demonstrated sufficient ability to articulate them.  *Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015). Accordingly, the Court finds that Appellant's ability to articulate her claims and the lack of substantial complexity of the matter do not justify appointment of counsel.

### III.    CONCLUSION

     Because Appellant has not demonstrated that her appeals present "exceptional circumstances," the Court hereby **DENIES** Appellant's two Motions for Appointment of Counsel.

     **IT IS SO ORDERED.**

Dated:  September 11, 2024

_____

Hon. Dana M. Sabraw, Chief Judge
United States District Court